UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD WHITE, | No. 2:14-cv-1972 KJN P |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY SUPERIOR COURT, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.[1]

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

---

[1] If plaintiff is pursuing a conditions of confinement claim under 42 U.S.C. § 1983, he is responsible for paying the $350.00 filing fee. However, as discussed below, it is unclear from plaintiff's complaint whether he seeks such relief. If plaintiff pursues such relief in an amended complaint, the court will impose the filing fee, which will be deducted via payments from plaintiff's prison trust account.

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

////

In his complaint, plaintiff raises myriad claims challenging events that apparently occurred during his underlying criminal proceedings. For example, plaintiff claims that appointed counsel refused to cross-examine prosecution witnesses, and refused to call witnesses. (ECF No. 1 at 2.)

When a state prisoner challenges the legality of his custody -- either the fact of confinement or the duration of confinement -- and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is cognizable in a petition for a writ of habeas corpus under 28 U.S.C. § 2254. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Where a prisoner challenges the conditions of confinement, as opposed to the fact or duration of confinement, his remedy lies in a civil rights action under 42 U.S.C. § 1983. See Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985). Thus, 28 U.S.C. § 2254 cannot be used to challenge the conditions of confinement, and 42 U.S.C. § 1983 cannot be used to challenge the fact or duration of confinement.

Plaintiff is advised that if he seeks to challenge the fact or duration of a criminal conviction, he must pursue such claims through an application for writ of habeas corpus under 28 U.S.C. § 2254.[2]

Because plaintiff fails to raise any claims challenging the conditions of his confinement, the complaint must be dismissed. The court will, however, grant leave to file an amended complaint. If plaintiff chooses to amend the civil rights complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the

---

[2] It appears that plaintiff's initial conviction was filed in 1994. Plaintiff is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

1  claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

2  588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official

3  participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,

4  268 (9th Cir. 1982).

5       If plaintiff chooses to amend the complaint by filing a petition for writ of habeas corpus,

6  plaintiff must file his petition on the form provided by the Clerk of Court.

7       In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

8  make plaintiff's amended pleading complete.  Local Rule 220 requires that an amended pleading

9  be complete in itself without reference to any prior pleading.  This requirement exists because, as

10  a general rule, an amended pleading supersedes the original pleading.  See Loux v. Rhay, 375

11  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended pleading, the original pleading no

12  longer serves any function in the case.

13       In accordance with the above, IT IS HEREBY ORDERED that:

14       1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

15       2.  Plaintiff's complaint is dismissed.

16       3.  Within thirty days from the date of this order, plaintiff shall complete the attached

17  Notice of Amendment and submit the following documents to the court:

18          a.  The completed Notice of Amendment; and

19          b.  An original and one copy of the Amended Complaint or Petition.

20  Plaintiff's amended complaint or petition shall comply with the requirements of the Civil Rights

21  Act or the Rules Governing Habeas Corpus Cases Under Section 2254, the Federal Rules of Civil

22  Procedure, and the Local Rules of Practice.  The amended complaint or petition must also bear

23  the docket number assigned to this case and must be labeled "Amended Complaint" or "Amended

24  Petition."  Failure to file an amended complaint or petition in accordance with this order may

25  result in the dismissal of this action.

26  ////

27  ////

28  ////

4

1        4. The Clerk of the Court is directed to send plaintiff the form for filing an application for
2   writ of habeas corpus pursuant to 28 U.S.C. § 2254.
3   Dated:  November 14, 2014

5   /whit1972.14

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD WHITE,<br><br>           Plaintiff,<br><br>      v.<br><br>SACRAMENTO COUNTY SUPERIOR COURT, et al.,<br><br>           Defendants. | No.  2:14-cv-1972 KJN P<br><br>NOTICE OF AMENDMENT |

   Plaintiff hereby submits the following document in compliance with the court's order filed_____.

   _____         Amended Complaint
   _____         Amended Petition

DATED:

                                    _____
                                    Plaintiff